# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TRAVIS HAUGHTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-CV-01149-JSD |
| ERIC TIDWELL et al., | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Travis Haughton's Complaint under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will grant Plaintiff's Motion for Leave to Proceed in Forma Pauperis and will assess an initial partial filing fee of $47.59. Additionally, the Court will allow Plaintiff to proceed on his excessive force claim against Defendants Tidwell and Rain in their individual capacities. Nevertheless, the Court will dismiss Plaintiff's official-capacity claims and deny his Motion for Appointment of Counsel.

### Motion for Leave to Proceed in Forma Pauperis

Plaintiff is incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. (ECF No. 1). Along with his Complaint, Plaintiff has filed a certified inmate account statement, which the Court construes as a motion for leave to proceed in forma pauperis. (ECF No. 3).

Generally, federal courts must collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis ("IFP").

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff's account statement reflects an average balance of $237.95 for the for the six-month period preceding his Complaint. Accordingly, the Court will assess an initial partial filing fee of $47.59, representing 20% of Plaintiff's average monthly balance over that time.

**Standard of Review Under 28 U.S.C. § 1915(e)(2)**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

2

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Correctional Officers Eric Tidwell and Unknown Rain in their individual and official capacities. He alleges that on November 9, 2023; while responding to an altercation, Defendants forced him to the floor and restrained his

3

wrists and ankles. After securing him, Defendants struck him in the face, head, and ribs. They then lifted him from the ground and used him as a "battering ram" against several doors.

Plaintiff further alleges that, at some point, an unidentified officer stabbed his lower left leg with a sharp object. Defendants ultimately ordered Plaintiff to stand and return to Housing Unit 1, at which point Defendant Rain stepped on his ankle restraint, causing him to fall and strike his face on the concrete floor. Plaintiff was then placed in "the restraint chair" for approximately two hours before receiving medical attention.

Plaintiff claims injuries to his left eye, head, wrists, ankles, and left leg. He also reports experiencing depression and anxiety. He seeks $1 million in compensatory damages and $1 million in punitive damages.

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an in forma pauperis complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that the defendant acted under color of state law and (2) that the defendant deprived the plaintiff of a constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The constitutional right at issue in this case is the Eighth Amendment's prohibition against the "unnecessary and wanton infliction of pain[.]" *Hudson v. McMillan*, 503 U.S. 1, 8-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017); *see also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016). Courts consider factors such as

4

the need for force, the relationship between the need and the amount of force used, and the extent of injury. *Stewart v. Precythe*, 91 F.4th 944, 949 (8th Cir. 2024) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

### 1. Individual Capacity

Here, Plaintiff alleges that Defendants Tidwell and Rain, after restraining him, struck him multiple times in the face, head, and ribs, used him as a "battering ram" against doors, and later caused him to fall face-first onto a concrete floor. He further claims that he was placed in a restraint chair for two hours before receiving medical care. Accepting these allegations as true and construing them liberally, as required at this stage, *see Erickson*, 551 U.S. at 94, Plaintiff has sufficiently stated an Eighth Amendment excessive force claim against Defendants in their individual capacities. Plaintiff's factual allegations support an inference that Defendants acted maliciously and sadistically for the purpose of causing harm, rather than a legitimate effort to restore discipline. Accordingly, the Court will allow Plaintiff to proceed on his excessive force claim against Defendants in their individual capacities.

### 2. Official Capacity

Plaintiff also seeks to hold Defendants liable in their official capacities. It is well established that a suit against a public employee in an official capacity is merely a suit against the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff alleges that Defendants work for the Missouri Department of Corrections. Thus, to succeed on his official-capacity claims, he must establish the Department's liability for the alleged wrongdoing. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public

5

employer and therefore must establish the municipality's liability for the alleged conduct."). Plaintiff cannot do so for two reasons.

First, § 1983 provides for an action against a "person" who, under color of state law, violates another's civil rights. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, absent a waiver, the Eleventh Amendment bars suits against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, the Court will dismiss Plaintiff's official-capacity claims under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

## Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. (ECF No. 2). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion for Leave to Proceed in Forma Pauperis and will allow Plaintiff to proceed on his excessive force claim against Defendants Tidwell and Rain in their individual capacities. Nevertheless, the Court will dismiss Plaintiff's official-capacity claims and deny his Motion for Appointment of Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $47.59 **within thirty (30) days** of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it his name, prison registration number, the case number, and a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, against Defendants Eric Tidwell and Unknown Rain, employees of the Missouri Department of Corrections, in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendants Tidwell and Rain are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of March, 2025.

                                            HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE