UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS HAUGHTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:24-CV-1149-JSD |
| ERIC TIDWELL et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Reconsider and Compel Production (ECF No. 38.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (ECF No. 14.)

This is Plaintiff's third motion for the appointment of counsel. He argues that he requires counsel to meaningfully participate in obtaining discovery and to combat Defendants' failure to disclose and provide discovery. He otherwise raises the same arguments for counsel that were raised in his previous motions, pointing to his limited legal knowledge and access to the law library due to his inmate status. To support his request for counsel, Plaintiff cites *Shattuck v. Lewis*, No. 4:24-cv-336 (E.D. Mo. March 18, 2025), a pending case in which the plaintiff was appointed counsel after disclosures were completed and the discovery process had commenced.[1] Plaintiff also moves to compel disclosures and discovery from Defendants. As relevant, the Case

---

[1] He also cites *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785 (7th Cir. 1995) to support the proposition that counsel should be appointed to allow a plaintiff to meaningfully participate in discovery; however, the issue addressed in *Billman* was dismissal based on a prisoner's inability to identify the defendants, *id.* at 789, and Plaintiff fails to demonstrate how *Billman* otherwise supports his request.

1

Management Order ("CMO") in this case requires that disclosures be completed by August 20, 2025, and discovery be completed by December 11, 2025. (ECF Nos. 30, 35.)

This Court finds that Plaintiff fails to demonstrate that the appointment of counselor or compulsion of disclosures and discovery are warranted at this time, as his requests appear premature based on his arguments. In particular, he argues that he requires counsel in order to obtain discovery and combat Defendants' failure to disclose and provide discovery; however, discovery has yet to commence in this case, and Defendants have until August 20 to provide disclosures in accordance with this Court's CMO. Thus, *Shattuck*, where disclosures were already complete when counsel was appointed, is not persuasive here. Plaintiff otherwise fails to demonstrate that this Court should appoint counsel for the same reasons as stated in this Court's previous orders, specifically because the issues in this case do not appear to be complex and Plaintiff has continued to demonstrate that he can adequately represent himself. (ECF Nos. 6, 35.) *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (listing relevant factors for determining whether to appoint counsel for an indignant litigant).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's to Reconsider and Compel Production (ECF No. 38) is **DENIED**.

_____
**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 6th day of August 2025.

2